1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ROXANNE AYALA, et al.,                    CASE NO. CV-F-02-5846-LJO

12                    Plaintiff,               **ORDER ON DEFENDANTS'**
                                              **MOTIONS TO COMPEL** (Doc. 97 and 98)
13           vs.

14    KC ENVIRONMENTAL HEALTH, et al.,

15                    Defendant.
      _____/
16

17           Pursuant to notices filed on July 13, and July 26, 2005, defendants City of Bakersfield and Terry

18    Buss move to compel plaintiffs to respond to discovery.  No timely opposition or statement of non-

19    opposition has been filed pursuant to Local Rule 37-251.  The Court vacated the hearing and took the

20    motions under submission.  Thereafter, plaintiffs filed a request to file a late opposition. The Court

21    granted the request and directed defendants to respond to the opposition.  Having considered the moving,

22    opposition and reply papers, as well as the Court's file, the Court issues the following order.

23           In two separate motions, defendants City of Bakersfield and Terry Buss move to compel (1)

24    responses and production of documents to the request for production of documents set forth in the Notice

25    of Deposition of Roxanne Ayala, (2) responses to Interrogatories and Request for Production of

26    Documents, and deeming Requests for Admissions admitted.

27                    **FACTUAL AND PROCEDURAL BACKGROUND**

28           This case involves claims of civil rights violations related to a criminal prosecution.  In July of

                                              1

2001, plaintiffs were acquitted of criminal charges filed by Kern County District Attorney in the case of *People of the State of California v. Roxanne Ayala, Kenneth Edwards and Leroy Edwards*.   The plaintiffs claim that the criminal charges were brought in bad faith for the specific purpose of harassment rather than a good-faith litigation of criminal violations of the law, following years of ongoing hostility between the County's Department of Environmental Health, the City of Bakersfield, the City's Code Enforcement officers.  The underlying criminal prosecution involved  plaintiffs' business of storing, handling or transporting hazardous waste.  Plaintiffs may have done business under fictitious names of American Pumping and/or Action Sewer Pumping.

On May 10, 2005, pursuant to Rule 30, defendants City of Bakersfield and Terry Buss served a Notice of Deposition on plaintiff Roxanne Ayala, which required production of documents at her June 13, 2005 deposition.

Previously, on April 28, 2005, defendant Terry Buss served the following discovery on plaintiffs:[1]

> (A)  Kenneth Edwards:
>> (1) interrogatories, (2) Requests for Admissions, and (3) Request for Production of Documents.
>
> (B)  Roxanne Ayala:
>> (1) Interrogatories and (2) Request for Production of Documents
>
> (C)  Leroy Edwards:
>> (1)Requests for Production of Documents, and (2) Requests for Admissions

Responses to all of the above discovery were due no later than June 2, 2005.  No responses were received from plaintiffs.

---

[1] The City of Bakersfield was not a propounding party in the written discovery.

# ANALYSIS & DISCUSSION

**Discovery Standards**

The party answering interrogatories must furnish "such information as is available to the party." Fed.R.Civ.P. 33(a). Fed.R.Civ.P. 33(b)(1) requires interrogatories to be answered "fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." The propounding party may seek an order to compel further responses regarding "an objection to or other failure to answer an interrogatory." Fed.R.Civ.P. 33(b)(5).

Fed.R.Civ.P. 34(a) permits a requesting party to ask for documents "which are in the possession, custody or control of the party upon whom the request is served." Rule 34(b) states that "The request shall set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity." Rule 34(b) also requires a written response to a request for production to "state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." A party is obliged to produce all specified relevant and nonprivileged documents or other things which are in its "possession, custody or control" on the date specified in the request. Fed.R.Civ.P. 34(a); *Norman Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co.*, 576 F.Supp. 511, 512 (W.D. Pa. 1983). The party propounding a request for production of documents may seek an order for further disclosure regarding "any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection requested." F.R.Civ.P. 34(b).

F.R.Civ.P. 36(a) addresses requests for admission and provides in pertinent part:

> A party may serve upon any other party a written request for the admission . . . of the truth of any matters . . . set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . .

> . . . The **matter is admitted unless**, within 30 days after service of the request . . . the party to whom the request is directed **serves** upon the party requesting the admission **a written answer or objection addressed to the matter**, signed by the party or by the party's attorney. . . . (Bold added.)

"Failure to respond to requests for admissions results in automatic admission of the matters requested. . . . No motion to establish the admissions is needed because Federal Rule of Civil Procedure

36(a) is self executing." *Federal Trade Comm. v. Medicor LLC*, 217 F.Supp.2d 1048, 1053 (C.D. Ca. 2002). "The failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of the case." *In re Carney*, 258 F.3d 415, 421 (5th Cir. 2001).

**Propounded Discovery and Failure to Respond**

Defendants City of Bakersfield and Terry Buss noticed the deposition of plaintiff Roxanne Ayala. In the notice of deposition, defendants asked that plaintiff produce the following documents:

> "Any and all financial records of Action Sewer Plumbing [sic] and American Pumping from 1995 - current evidencing the volume of business, annual gross earnings, annual net earnings, annual expenses, and annual profits."

Rule 34 applies for document requested in a Notice of Deposition. Fed.R.Civ.P. 30 (b)(5)("The notice to a party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition. The procedure of Rule 34 shall apply to the request.")

Defendant Terry Buss propounded interrogatories to plaintiff Roxanne Ayala and to plaintiff Kenneth Edwards requesting plaintiffs identify lost income and other damages and to identify clients of American Pumping and Action Sewer Pumping.

Terry Buss propounded document requests to plaintiff Roxanne Ayala, to Leroy Edward and to Kenneth Edwards. These document requests asked for categories of documents related to earnings, profits and expenses from Action Sewer Pumping and American Pumping. According to other Court memorandum in the file on defendants' motions to dismiss, Action Sewer Pumping and American Pumping were fictitious names of the businesses operated by plaintiffs.

Buss propounded Requests for Admissions to Leroy Edwards asking him to admit that he is not the owner of Action Sewer Pumping or American Pumping. Buss propounded a single Request for Admission to Kenneth Edwards asking him to admit that he is not the owner of Action Sewer Pumping.

Defendants submit evidence that the discovery responses have not been received from plaintiffs. Defendants also submit evidence that the documents requested in the Notice of Deposition to Roxanne Ayala were not produced. The evidence shows that the parties met and conferred at a deposition, and while responses to the discovery and documents requested in the Notice of Deposition were promised,

1   none have been forthcoming.

2       The discovery is relevant to the issues of damages incurred by plaintiffs for the alleged wrongful

3   conduct of defendants.  The discovery is not overly burdensome.  While potential objections could have

4   been interposed in response to the discovery, plaintiffs did not do so.  Fed.R.Civ. P. 37 provides that the

5   failure to serve timely responses to discovery may not be excused on the ground that the discovery

6   sought is objectionable unless the party so asserting has a motion for a protective order pending.  See

7   Fed. R. Civ. P. 37(d).

8       Here, plaintiffs have failed to comply with their discovery obligations under Fed.R.Civ.P 33,

9   Fed.R.Civ.P 34 and Fed.R.Civ.P 36.  The motion will be granted as to the Interrogatories, and Requests

10  for Production of Documents, including the documents requested in the Notice of Deposition.  As

11  explained below, the motion should be denied as to the Request for Admissions.

12      Here, there has not been an answer to the Requests for Admissions and therefore, the matters in

13  the Requests for Admissions are admitted.  *In re Carney*, 258 F.3d 415, 421 (5th Cir. 2001) (The failure

14  to respond to admissions can effectively deprive a party of the opportunity to contest the merits of the

15  case).  Defendants, however, ask for plaintiffs to be compelled to answer the Requests for Admissions.

16      A motion to compel for a Rule 36 non-response is not available by the plain language of

17  Fed.R.Civ.P. 37:

18          If a deponent fails to answer a question propounded or submitted under
            Rules 30 or 31, or a corporation or other entity fails to make a designation
19          under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory
            submitted under Rule 33, or if a party, in response to a request for
20          inspection submitted under Rule 34, fails to respond that inspection will
            be permitted as requested or fails to permit inspection as requested, the
21          discovering party may move for an order compelling an answer, or a
            designation, or an order compelling inspection in accordance with the
22          request.  Fed.R.Civ.P. 37(a)(2)(B).

23  Rule 36 Requests for Admissions are simply not within the motion to compel authority.  This is because

24  the requests are deemed admitted.  Accordingly, the motion to compel responses to the Request for

25  Admissions is denied.

26  /////

27  /////

28  /////

Plaintiffs' Request and Opposition to Motions

### 1. Plaintiffs' arguments re service

Plaintiffs filed a request to file a late opposition to the motion. The Court granted the request. Plaintiffs argued that counsel has been in two murder trials, and mistakenly believed the motion was only to compel the financial documents which counsel agreed to produce but did not. Plaintiffs agree the documents need to be produced and counsel agrees to pay sanctions.

Plaintiffs argue that they did not receive the other written discovery (document requests, interrogatories, and requests for admission.) Counsel submits his declaration and his secretary's declaration stating they did not receive this discovery. Plaintiffs agree that they will answer the requests for admissions, by admitting them. Plaintiff ask for a chance to answer the discovery and be able to state objections.

The discovery propounded by the defendant has a proof of service showing service on plaintiffs counsel.

### 2. Defendants' reply

Defendants submitted a reply stating that all discovery subject to the motion to compel contained a proof of service showing service on April 28. Subsequently propounded discovery has been received at the address to which the original discovery was propounded. Defendants argue that the declarations do not dispute the receipt of document requests or requests for admissions and that the only reference to discovery not received is that of the interrogatories.

### 3. Proof of Service

"The service is complete at the time of the deposit." Code.Civ. Proc. §1013. Filing a proof of service that complies with statutory standards (below) creates a rebuttable presumption that service was proper. See *Dill v. Berquist Const. Co., Inc.* (1994) 24 CA4th 1426, 1441-1442, 29 CR2d 746, 755

Plaintiffs submitted a declaration from the attorney and his secretary's log wherein she records all events that occur in a case. She declares that she never received requests for discovery during the months of April and May 2005.

However, the proofs of service attached to the propounded discovery list the address for plaintiffs' counsel that is the same address as the other discovery which was received by plaintiffs'

counsel.  The proof of service is the same as the proof of service for discovery propounded in December 2004 and for the discovery propounded in May and August 2005.  Counsel received the previous (December 2004) and subsequent discovery (May and August 2005) but not the written discovery at issue in these motions.  The only difference between the previous and subsequent discovery and the discovery at issue in the motions is the person who signed the proofs of service.  It would be speculative to assume that the proof of service was executed fraudulently.

**Sanctions**

Pursuant to Rule 37(a)(4), the party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney fees, "incurred in making the motion," unless the losing party was substantially justified in making or opposing the motion or other circumstances that make such an award unjust.  The burden is on the losing party to affirmatively demonstrate that its position was substantially justified.  Fed.R.Civ.P. 37(a)(4), Advisory Comm. Notes (1970).

The court may award expenses against the losing party and the losing party's attorney. Fed.R.Civ.P. 37(a)(4). The degree of involvement of each is considered, however, in making the award. *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440 (11th Cir. 1985).

This motion was necessary to gain compliance with Fed.R.Civ.P. 33 and 34.  Plaintiffs have not shown any reasonable justification for failure to comply with plaintiff's discovery obligations. Defendants ask for either $1,500 for each of the two motions ($3,000) or $1,500.  The hourly rate of $150 per hour is reasonable, but the 20 hours for both motions is not.  Accordingly, the Court will award discovery sanctions for 8 hours at $150 per hour or $1,200.

## CONCLUSION

For the foregoing reasons, the Court issues the following order:

1.   GRANTS Terry Buss' motion to compel as to the Interrogatories and Requests for Production of Documents.

2.   GRANTS Terry Buss' and the City of Bakersfield's motion to compel the production of the documents requested in the Notice of Deposition.

3.   DENIES the motion to compel responses to the Requests for Admission, on the grounds the admissions are deemed admitted.

1           4.       SETS a deadline for the responses to be served on defendants, without objection,

2      ten (10) days from the date of service of this order.

3           5.       GRANTS the request for sanctions against plaintiffs in the amount of $1,200.00.

4

5  IT IS SO ORDERED.

6  **Dated:   September 1, 2005**             **/s/ Lawrence J. O'Neill**
      b9ed48                                UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28