IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE AYALA, et. al, | CASE NO. CV F 02-5846 LJO |
| Plaintiffs, | **ORDER ON DEFENDANTS' MOTION FOR ATTORNEY FEES** |
| vs. | (Doc. 122.) |
| KC ENVIRONMENTAL HEALTH, et al., | |
| Defendants. | |

### **INTRODUCTION**[1]

After this Court granted them summary judgment, defendants City of Bakersfield ("City") and City code enforcement officer Terry Buss ("Mr. Buss") seek a $71,835 award of attorney fees to defend plaintiffs'[2] 42 U.S.C. § 1983 claims of malicious prosecution. This Court considered the City and Mr. Buss' 42 U.S.C. § 1988(b) ("section 1988(b)") motion for attorney fees on the record and without the March 10, 2006 hearing or oral argument, pursuant to this Court's Local Rule 78-230(h). For the reasons discussed below, this Court DENIES the City and Mr. Buss' motion for attorney fees.

---

[1] Pursuant to 28 U.S.C. § 636(c) and F.R.Civ.P. 73, the parties consented to proceed before a United States Magistrate Judge, and by a September 27, 2004 order, this action was assigned to United States Magistrate Judge Lawrence J. O'Neill for all further proceedings.

[2] Plaintiffs are Leroy Edwards, Kenneth Edwards and Roxanne Ayala and will be referred to collectively as "plaintiffs."

1

# BACKGROUND

## The Parties

Plaintiff Leroy Edwards ("Leroy") is the father of plaintiffs Kenneth Edwards ("Kenneth") and Roxanne Ayala ("Ms. Ayala"). Ms. Ayala owns and operates Action Sewer Pumping ("ASP"), a septic pumping business. ASP's sewer pumping trucks pump contents of residential and commercial septic tanks into containers on the trucks and transport the contents to a disposal site. ASP also rents and maintains portable chemical toilets. During 1999-2001, Leroy and Kenneth performed work for ASP, including driving ASP trucks.

As a code enforcement officer, Mr. Buss enforces the City municipal code and California Health & Safety Code and Code of Regulations and investigates related wrongdoing. Defendant Kern County Environmental Health Services Department ("EHS") is a Kern County agency with authority to regulate businesses such as those of plaintiffs. Defendant William O'Rullian ("Mr. O'Rullian") is an EHS health specialist and solid waste program supervisor. Defendant Terry Gray ("Mr. Gray") is an EHS environmental health technician.

## Underlying Criminal Action

In May 2000, based on information from Mr. Gray, Mr. Buss suspected that plaintiffs operated an illegal junk yard and sewage transfer station on plaintiffs' properties. In June 2000, Mr. Buss, several other City code enforcement officers, and other law enforcement officers executed a warrant for plaintiffs' properties and observed what they believed constituted illegal disposal, treatment, storage and transport of hazardous wastes. EHS initiated proceedings to revoke plaintiffs' sewage pumping vehicle and toilet rental agency health permits ("health permits"). In November 2000, Mr. Buss conducted further inspections of plaintiffs' properties and observed what he characterized as further hazards and permitted use violations.

On April 12, 2001, the Kern County District Attorney's Office ("DA's office") initiated a Kern County Superior Court criminal action ("criminal action") to allege that plaintiffs violated California Health and Safety Code and Penal Code sections regarding disposal, treatment, storage and transportation of hazardous wastes and conspiracy to obtain money by false pretenses from two of plaintiffs' customers. On May 7, 2001, the Kern County Superior Court granted a motion to sever the

criminal action against Ms. Ayala. On May 8 and 9, 2001, the criminal action proceeded to a preliminary hearing where the presiding judicial commissioner found there was sufficient cause and evidence to believe that Leroy and Kenneth had violated California Health and Safety Code and Penal Code sections regarding hazardous waste handling and conspiracy to defraud by false pretenses (the charges subject to plaintiffs' malicious prosecution claims in this action). A Kern County Superior Court judge denied Leroy and Kenneth's appeal of the probable cause determination. Leroy and Kenneth pursued no further appeal.

On July 17, 2001, trial in the criminal action commenced against Leroy and Kenneth. The prosecuting assistant district attorney voluntarily dismissed two counts regarding handling of hazardous waste and conspiracy to defraud by false pretenses (the charges subject to plaintiffs' malicious prosecution claims). At the conclusion of the prosecution's case, the trial court granted Leroy and Kenneth's motion for judgment of acquittal as to several charges on grounds of insufficient evidence. The prosecution dismissed remaining charges. Pursuant to a negotiated settlement, all criminal charges were dismissed against Ms. Ayala on July 27, 2001, prior to a preliminary hearing.

**Plaintiffs' Malicious Prosecution Claims**

On July 12, 2002, plaintiffs filed their initial complaint to allege civil rights violations to initiate this action. The parties engaged in extensive law and motion to culminate in plaintiffs' operative fifth amended complaint ("complaint"), filed July 14, 2004. The complaint pursues malicious prosecution claims against EHS, Mr. Buss, Mr. O'Rullian and Mr. Gray. Although the complaint's paragraph 6 notes the City is "(not a defendant)," the complaint's caption includes the City as a defendant, and this Court has construed the complaint to pursue claims against the City.

The complaint alleges that Mr. Buss, Mr. O'Rullian and Mr. Gray spent substantial time on plaintiffs' properties, knew of the contents thereon and had personal knowledge that the charges at issue here were untrue. The complaint further alleges defendants conducted no scientific testing to support the presence of hazardous waste on plaintiffs' properties. As to the City, the complaint alleges that the City embarked on a policy, created by Mr. Buss, to cause injury and to enjoin plaintiffs to operate. As damages, the complaint alleges plaintiffs' legal expenses in connection with the criminal action, injury to personal and business reputations, anxiety, fear and apprehension.

**Summary Judgment For Mr. Buss And The City**

On December 9, 2005, after what Mr. Buss and the City characterize as "considerable" discovery, they filed their summary judgment motion on grounds that plaintiffs are unable to establish, and evidence negates, elements of plaintiffs' malicious prosecution claims. Mr. Buss further claimed that he is subject to absolute and qualified immunity to bar plaintiffs' malicious prosecution claims.

Under this Court's Local Rule 78-230(c), December 30, 2005 was the deadline to serve and file plaintiffs' opposition papers. After this Court received no timely opposition, a staff member of this Court telephoned plaintiffs' counsel on January 3, 2006 to inquire as to the status of plaintiffs' opposition. Plaintiffs' counsel indicated that he planned to file a motion to extend the opposition deadline.

On January 4, 2006, plaintiffs filed papers which this Court construed as plaintiffs' ex parte request to extend plaintiffs' opposition deadline up to January 13, 2006, if not later. Plaintiffs sought an extension on grounds that: (1) Mr. Buss and the City's moving papers were lengthy; (2) Mr. Gray had not been deposed until December 14, 2005; (3) several pressing matters, including other summary judgment motions and a habeas corpus writ, diverted plaintiffs' counsel to prepare opposition papers; (4) plaintiffs' counsel is trial counsel in two homicide cases; (5) plaintiffs' counsel had not had a vacation in more than five years and cleared December 21, 2005 to January 1, 2006 for a vacation, which plaintiffs' counsel took; and (6) plaintiffs' counsel is a sole practitioner with limited resources and federal court experience. In his declaration, plaintiffs' counsel admitted "I errantly failed to request an extension earlier, but felt that I was not required to do so."

After Mr. Buss and the City filed papers to oppose plaintiffs' requested extension, this Court issued its January 6, 2006 order ("January 6 order") to deny plaintiffs' belated request for an extension to oppose the summary judgment motion. This Court concluded that plaintiffs violated F.R.Civ.P. 6(b) by improperly seeking ex parte a postdeadline extension without a noticed hearing and failed to demonstrate good cause or requisite excusable neglect to warrant an extension. This Court deemed Mr. Buss and the City's summary judgment motion submitted on the then current, pending record.

This Court issued its January 10, 2006 decision to grant Mr. Buss and the City summary judgment and to find, among other things, that:

1. The DA's office, not Mr. Buss, initiated the criminal action against plaintiffs;
2. The record revealed no genuine issue of material fact that Mr. Buss attempted to deceive the DA's office to wrongfully prosecute plaintiffs;
3. The criminal action was not terminated in plaintiffs' favor;
4. The collateral estoppel effects of the of the probable cause determination at the criminal action's preliminary hearing negated the absence of probable cause element of plaintiffs' malicious prosecution claims;
5. The record lacks evidence that Mr. Buss acted with malice toward plaintiffs;
6. Mr. Buss is entitled to qualified immunity as to plaintiffs' malicious prosecution claims; and
7. The record lacks evidence to support *Monell* liability against the City.

On February 8, 2006, plaintiffs filed papers which this Court construed as plaintiffs' ex parte request to hear the next day a motion to vacate the January 6 order and to consider papers to oppose Mr. Buss and the City's summary judgment motion. This Court issued its February 8, 2006 order to note that plaintiffs' ex parte papers failed to comply with this Court's Local Rule 6-144. As such, this Court denied plaintiffs' requested ex parte relief and vacated the hearing improperly set by plaintiffs. Moreover, this Court concluded that if plaintiffs had complied with ex parte shortening time requirements, their papers demonstrated plaintiffs' continuing untimeliness, failed to substantiate grounds for requested relief, and presented the same or similar points which were raised in plaintiffs' prior papers and on which this Court has ruled.

On February 8, 2006, plaintiffs filed their notice to appeal summary judgment in favor of Mr. Buss and the City and this Court's February 8, 2006 order to deny plaintiffs' ex parte request to vacate the January 6 order and to consider plaintiffs' belated summary judgment opposition papers. The Ninth Circuit Court of Appeals has processed plaintiffs' appeal and set a May 2006 deadline to complete briefing.

/ / /

/ / /

/ / /

**Mr. Buss And The City's Attorney Fees Motion**

On February 2, 2006, Mr. Buss and the City filed their motion for a $71,835[3] attorney fees award under 42 U.S.C. § 1988(b) as prevailing parties on what they characterize as plaintiffs' frivolous malicious prosecution claims. Mr. Buss and the City argue that plaintiffs "failed to adduce *any* evidence to support their claims" in the absence of opposition to summary judgment. (Italics in original.) According to Mr. Buss and the City, they are entitled to attorney fees in that plaintiffs relitigated in this action the probable cause issue which was resolved against them in the criminal action. Mr. Buss and the City note that this Court determined that the collateral estoppel effects of the probable cause determination at the criminal action's preliminary hearing negated the absence of probable cause element of plaintiffs' malicious prosecution claims.

On February 24, 2006, plaintiffs timely filed and served papers to oppose Mr. Buss and the City's attorney fees motion. Plaintiffs argue that their malicious prosecution claims are not frivolous and were brought in good faith. Plaintiffs raise again points to address their acknowledged failure to timely oppose Mr. Buss and the City's summary judgment motion and which this Court rejected in its prior rulings. Plaintiffs take issue with the collateral estoppel effects of the probable cause determination at the criminal action's preliminary hearing.

**DISCUSSION**

**Section 1988(b) Attorney Fees Award**

Section 1988(b) provides that in "any proceeding to enforce a provision" of 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." The standard to award section 1988(b) attorney fees depends on which side prevails:

> The authorization of an award of attorney's fees under 42 U.S.C. § 1988 applies differently to prevailing defendants than to prevailing plaintiffs. . . . [A] prevailing defendant should not routinely be awarded attorney's fees simply because he has

---

[3] Mr. Buss and the City calculate their requested $71,835 award on:

1. 456.1 hours multiplied by $150 attorney hourly rate ($68,415);

2. 11.7 hours multiplied by $100 law clerk hourly rate ($1,170); and

3. 15 hours multiplied by $150 attorney hourly rate to prepare for and attend the hearing on the attorney fees motion ($2,250).

succeeded, but rather only where the action is found to be "unreasonable, frivolous, meritless, or vexatious" . . . Thus, the mere fact that a defendant prevails does not automatically support an award of fees.

*Vewrnon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir.), *cert. denied*, 513 U.S. 1000, 115 S.Ct. 510 (1994).

The Ninth Circuit has further held that "[a]ttorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Brooks v. Cook,* 938 F.2d 1048, 1055 (9th Cir. 1991); *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990); *see also Thomas v. Douglas*, 877 F.2d 1428, 1434, n. 8 (9th Cir. 1989)(defendants' attorney's fees request denied although summary judgment for defendants).

A defendant may recover attorney's fees from the plaintiff "only if the District Court finds 'that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.' . . . The plaintiff's action must be meritless in the sense that it is groundless or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421,98 S.Ct. 694 (1978)). Furthermore, a defendant may recover attorney fees if the plaintiff continued to litigate after a claim "clearly became" frivolous, unreasonable or groundless. *Hughes*, 449 U.S. at 15, 101 S.Ct. 173.

Under section 1988(b), the prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964 (1968); *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933 (1983).

Mr. Buss and the City correctly note that they prevailed at summary judgment and that plaintiffs did not oppose the motion prior to this Court's ruling. As noted above, this Court denied plaintiffs' belated postdeadline extension request to file opposition papers based on the request's untimeliness and absence of good cause. Without plaintiffs' summary judgment opposition, this Court reviewed the record and determined that Mr. Buss and the City's motion was well supported based on evidence to negate elements of plaintiffs' malicious prosecution claims. Nonetheless, the record does not conclusively demonstrate that plaintiffs' claims were unreasonable, frivolous, meritless, or vexatious.

The record of the criminal action, without the benefit of discovery in this action, suggests a minimal basis to test plaintiffs' malicious prosecution claims. The probable cause determination at the

criminal action's preliminary hearing does not conclusively reveal frivolity of plaintiffs' claims, especially given that the prosecutor voluntarily dismissed the charges at issue here prior to jury resolution. The circumstances here differ from those in the non-binding authority cited by Mr. Buss and the City. Although the lack of effort of plaintiffs' counsel may have contributed to summary judgment, the absence of a summary judgment opposition does render plaintiffs' claims entirely groundless or without foundation to warrant shifting fees to plaintiffs. That is not to say that this Court would have denied summary judgment had plaintiff properly filed opposition papers.[4] In sum, the circumstances at hand render an attorney fees award unjust.

**CONCLUSION**

For the reasons discussed below, this Court DENIES Mr. Buss and the City's section 1988(b) motion for attorney fees.

IT IS SO ORDERED.

**Dated:   March 6, 2006**             /s/ Lawrence J. O'Neill
66h44d                                 UNITED STATES MAGISTRATE JUDGE

---

[4] This Court is aware that plaintiffs, without authorization, attempted to submit summary judgment opposition papers on February 8, 2006, two months after Mr. Buss and the City filed their motion and **41 days** after plaintiffs' papers were due. The papers failed to comply with this Court's Local Rules and were rambling and difficult to comprehend. Plaintiffs' submission of the papers highlights their disregard and disobedience of this Court's orders, rules and procedures and discourtesy to this Court and opposing counsel.

8