IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE AYALA, et al., | CASE NO. CV F 02-5846 LJO |
| Plaintiffs, | **ORDER ON PLAINTIFFS' RECONSIDERATION MOTION** |
| vs. | (Doc. 158.) |
| KC ENVIRONMENTAL HEALTH, et al., | |
| Defendants. | |

**INTRODUCTION**[1]

In this malicious prosecution action under 42 U.S.C. § 1983, plaintiffs Leroy Edwards, Kenneth Edwards and Roxanne Ayala (collectively "plaintiffs") seek reconsideration of summary judgment in favor of defendants William O'Rullian ("Mr. O'Rullian"), a Kern County Environmental Health Services Department ("EHS") environmental specialist, and EHS environmental health technician Terry Gray ("Mr. Gray").[2] This Court considered plaintiffs' reconsideration motion on the record and without oral argument, pursuant to this Court's Local Rule 78-730(h). For the reasons discussed below, this Court DENIES plaintiffs' reconsideration motion.

---

[1] Pursuant to 28 U.S.C. § 636(c) and F.R.Civ.P. 73, the parties consented to proceed before a United States Magistrate Judge, and by a September 27, 2004 order, this action was assigned to United States Magistrate Judge Lawrence J. O'Neill for all further proceedings.

[2] EHS, Mr. O'Rullian and Mr. Gray will be referred to collectively as the "County defendants."

1

**BACKGROUND**

With its March 30, 2006 decision, this Court granted the County defendants summary judgment on grounds that plaintiffs lacked evidence to support, and evidence negated, elements of plaintiffs' malicious prosecution and *Monell* claims. This Court further granted Mr. O'Rullian and Mr. Gray summary judgment on grounds they are entitled to qualified immunity as to actions of which plaintiffs complain. As to plaintiffs' malicious prosecution claims against Mr. O'Rullian and Mr. Gray, this Court specifically determined that:

1. Mr. O'Rullian and Mr. Gray did not initiate the underlying criminal action against plaintiffs;

2. Mr. O'Rullian and Mr. Gray did not deceive Kern County Deputy District Attorney Craig A. Smith ("Mr. Smith") to prosecute plaintiffs wrongfully;

3. The underlying criminal action was not terminated in plaintiffs' favor for malicious prosecution purposes; and

4. Based on collateral estoppel effects of the preliminary hearing determination in the underlying criminal action, the absence of probable cause element is negated as to plaintiffs' malicious prosecution claims; and

5. The malice element is negated as to plaintiffs' malicious prosecution claims in that Mr. O'Rullian and Mr. Gray's actions at issue arose in connection with their environmental investigation and enforcement responsibilities, and the record lacks evidence of Mr. O'Rullian or Mr. Gray's wrongful motive or sinister purpose toward plaintiffs.

On April 10, 2006, plaintiffs filed and served their motion which this Court construes to seek reconsideration of summary judgment for Mr. O'Rullian and Mr. Gray.[3] Plaintiffs argue that summary judgment was inappropriate "because a [sic] triable issues of fact exists [sic], and because the court incorrectly interpreted the facts and applied incorrect legal standards in relation to the issue of favorable determination [sic] and probable cause, and incorrectly considered some of the facts." Plaintiffs' papers review enumerated matters addressed by this Court in its summary judgment decision. This Court

---

[3] Plaintiffs papers do not indicate that plaintiffs seek reconsideration of summary judgment for EHS and against plaintiffs' based on *Monell* liability.

2

discerns that plaintiffs seek specifically to readdress whether:

1. Mr. O'Rullian deceived Mr. Smith to prosecute plaintiffs;

2. Mr. O'Rullian improperly induced a third-party witness to testify against plaintiffs Leroy Edwards ("Leroy") and Kenneth Edwards ("Kenneth");

3. The underlying criminal action against Leroy and Kenneth was terminated favorably toward them; and

4. Mr. O'Rullian and Mr. Gray acted with malice toward plaintiffs.

## DISCUSSION

Plaintiffs apparently seek reconsideration under F.R.Civ.P. 59(e) ("motion to alter or amend judgment . . .") or F.R.Civ.P. 60(b) ("The court may relieve a party from a final judgment, order or proceeding . . . ). *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). This Court construes plaintiffs' motion as seeking reconsideration of summary judgment for Mr. O'Rullian and Mr. Gray.[4]

Either the moving or opposing party may seek reconsideration of a summary judgment ruling. *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir.), *cert. denied*, 493 U.S. 868, 110 S.Ct. 192 (1989). Reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). A motion for reconsideration of a summary judgment ruling is restricted:

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.*

*Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984) (emphasis in original)); *see Novato Fire Protection Dist. v. United States*, 181

---

[4] This Court rejects Mr. O'Rullian and Mr. Gray's argument that plaintiffs untimely filed their motion within 10 days as required by F.R.Civ.P. 59(b). Although this Court signed its summary judgment decision on March 28, 2006, this Court's clerk served and entered on the docket the decision and judgment on March 30, 2006. Time limits for plaintiffs' motion ran from March 30, 2006, and their motion satisfied a 10-day filing limit in accordance with F.R.Civ.P. 6(a)'s time calculation.

3

1 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Under this Court's Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

As discussed below, plaintiffs fail to demonstrate newly-discovered evidence, clear error or intervening change in controlling law to warrant reconsideration.

### **Prosecutorial Deception**

This Court agrees with Mr. O'Rullian that plaintiffs, in their opening papers, appear to insinuate that Mr. O'Rullian deceived Mr. Smith to prosecute plaintiffs. Plaintiffs suggest that Mr. O'Rullian supplied Mr. Smith information but did not inform Mr. Smith that hazardous waste was not an issue to dissuade Mr. Smith to charge plaintiffs with violating California Health and Safety Code section 25189.5 (disposal, storage or transportation of hazardous waste without permits or at unauthorized points). In their reply papers, plaintiffs claim their "theory" is that Mr. O'Rullian and Mr. Gray "frustrated by the ongoing inability to regulate, acted collectively, individually and in concert" with Mr. Smith and "there was enough to take the matter to a jury."

With its summary judgment decision, this Court noted the absence of evidence that Mr. O'Rullian and Mr. Gray improperly exerted pressure on Mr. Smith, knowingly provided misinformation to Mr. Smith, concealed exculpatory evidence, or engaged in wrongful or bad faith conduct. Plaintiffs offer nothing to demonstrate the slightest error in such conclusion or of a purported "conspiracy." Mr. O'Rullian points out that plaintiffs appear to misconstrue Mr. O'Rullian's testimony at a September 2001 EHS administrative hearing and that such testimony is disconnected to plaintiffs' claims at issue here. Plaintiffs present nothing to warrant reconsideration as to their prosecutorial deception claims.

### **Alleged Inducement Of Testimony**

To recap, in the underlying criminal action, Leroy and Kenneth were prosecuted under count three of the criminal complaint for violating California Penal Code section 182(a)(4) by conspiring

4

unlawfully to defraud sisters Shirley Kinney ("Ms. Kinney") and Irma Honeycutt ("Ms. Honeycutt") to pay money by false pretenses in connection with a January 21, 2001 septic pumping job at Ms. Kinney and Ms. Honeycutt's mobile home. In their reconsideration papers, plaintiffs quote portions of Ms. Kinney's deposition which this Court considered when ruling on summary judgment. The upshot of plaintiffs' contentions is that Mr. O'Rullian and Mr. Smith represented to Ms. Kinney and Ms. Honeycutt that they would be repaid the $225 cost of Leroy and Kenneth's septic pumping job if they testified against Leroy and Kenneth.

Malicious prosecution actions are not limited to suits against prosecutors and may be pursued against other persons who have wrongfully caused the charges to be filed. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126-1127 (9th Cir. 2002). "The test is whether the defendant was actively instrumental in causing the prosecution." 5 Witkin, *Summary of Cal. Law* (10th ed. 2005) Torts, § 476, p. 702. Generally, the decision to file a criminal complaint is presumed to result from an independent determination by the prosecutor and thus precludes liability for those who participated in the investigation or filed a report that resulted in initiation of proceedings. *Awabdy*, 368 F.3d at 1067; *Smiddy v. Varney*, 665 F.2d 261, 266-268 (9th Cir. 1981), *cert. denied*, 459 U.S. 829, 103 S.Ct. 65 (1982). Nonetheless, the presumption of prosecutorial independence does not bar a subsequent section 1983 claim "against state or local officials who improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Awabdy*, 368 F.3d at 1067; *see Galbraith*, 307 F.3d at 1126-1127.

This Court carefully considered the evidence presented by plaintiffs. An interpretation of the evidence in light most favorable to plaintiffs does not reveal wrongful or bad faith conduct that was **actively instrumental** to initiate the criminal action against plaintiffs. The record is clear that for malicious prosecution purposes, Mr. Smith initiated the criminal action, not Mr. O'Rullian despite his comments to Ms. Kinney, Ms. Honeycutt or anyone else. Plaintiffs' reworking of their prior arguments raises no grounds to reconsider Mr. O'Rullian's conduct or applicable law in that Mr. O'Rullian at most indicated restitution was available to Ms. Kinney and Ms. Honeycutt.

1    Moreover, plaintiffs' assertions regarding the interaction among Mr. O'Rullian, Ms. Kinney and
2 Ms. Honeycutt do not raise factual issues for reconsideration of the absence of probable cause element
3 of plaintiffs' malicious prosecution claims.  In the underlying criminal action, the preliminary hearing
4 determination was unfavorable to Leroy and Kenneth to constitute prima facie evidence of probable
5 cause. *See Awabdy*, 368 F.3d 1067.  Despite Mr. O'Rullian's comment about restitution, plaintiffs failed
6 to rebut a prima facie probable cause finding by showing the underlying criminal action "was induced
7 by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith."
8 *Awabdy*, 368 F.3d at 1067.   In the absence of disputed facts, such as here, "the question whether there
9 was probable cause to institute the prior action is purely a legal question" and "the existence or absence
10 of probable cause has traditionally been viewed as a question of law to be determined by the court, rather
11 than a question of fact for the jury." *Sheldon Appel Company v. Albert & Oliker*, 47 Cal.3d 863, 868,
12 875, 254 Cal.Rptr. 336, 337, 342 (1989).  There is an absence of evidence that Mr. O'Rullian's conduct
13 influenced pursuit of count three of the criminal complaint against plaintiffs for violating California
14 Penal Code section 182(a)(4) (unlawful conspiracy to defraud and to obtain money by false pretenses).
15 Plaintiffs again fail to raise factual issues on the absence of probable cause element of their malicious
16 prosecution claims.

### **Favorable Termination**

18    Plaintiffs seek to revisit the issue whether the underlying criminal action was terminated in their
19 favor.  Plaintiffs argue that a "favorable termination occurred in this case because prosecutor Craig
20 Smith terminated his case when he was backed into a corner."  This Court fully explored the favorable
21 termination element in its summary judgment decision and dismissal of the subject criminal charges
22 against plaintiffs in furtherance of justice.  This Court found that the record and reasonable inferences
23 therefrom indicate that the criminal charges at issue were not terminated in favor of plaintiffs for
24 malicious prosecution purposes.  Plaintiffs offer nothing new to merit further exploration and rest on
25 arguments made to oppose summary judgment.  Nonetheless, even assuming favorable termination for
26 plaintiffs, plaintiffs fail to address meaningfully the other malicious prosecution elements on which this
27 Court found evidence to negate or an absence of evidence to support.  This Court's summary judgment
28 decision thoroughly addressed plaintiffs' failure to raise genuine issues of material fact as to Mr.

O'Rullian and Mr. Gray's initiation of the criminal action and malice and the absence of probable cause to pursue the criminal action.

### Malice

Plaintiffs appear to argue there is evidence of malice in that Mr. O'Rullian offered to pay Ms. Kinney for testimony and supplied information to Mr. Smith when Mr. O'Rullian knew hazardous waste was not at issue and Mr. Smith prosecuted the underlying criminal action and civil proceedings against plaintiffs. Plaintiffs present no factual support to overcome the evidence that Mr. O'Rullian lacked malice toward plaintiffs and acted to pursue legitimate investigation and enforcement objectives. Plaintiffs fail to meet their burden to warrant reconsideration on the malice element of their malicious prosecution claims.

### CONCLUSION AND ORDER

In sum, plaintiffs' papers are a scattered, shotgun approach raising several issues but offering little, if any, substance or evidentiary support. Plaintiffs fail to satisfy reconsideration requirements, including the specific mandates of this Court's Local Rule 78-230(k). Plaintiffs fail to demonstrate newly-discovered evidence, clear error or intervening change in controlling law to warrant reconsideration of matters raised in their papers.

For the reasons discussed below, this Court DENIES plaintiffs' reconsideration motion.

IT IS SO ORDERED.

**Dated:   May 8, 2006**                               **/s/ Lawrence J. O'Neill**
66h44d                                                         UNITED STATES MAGISTRATE JUDGE